# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>CHAD ORVILLE FELDERMAN,<br><br>    Defendant. | No. CR01-1017-LRR<br>No. C04-1032-LRR<br><br>ORDER |

       This matter comes before the court on the defendant's motion to vacate, set aside or correct his sentence (Docket No. 67). The defendant filed his motion pursuant to 28 U.S.C. § 2255.[1]

## I. BACKGROUND

       On June 15, 2001, the government filed a criminal complaint against the defendant. On July 6, 2001, the government filed a one count indictment against the defendant. On December 6, 2001, the government filed a superseding indictment which added count two. On July 31, 2002, the defendant appeared before Chief Magistrate Judge John A. Jarvey for a change of plea hearing. At such hearing, the defendant pleaded guilty to count two

---

[1] If a prisoner is in custody pursuant to a sentence imposed by a federal court and such prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the prisoner] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. *See also Daniels v. United States*, 532 U.S. 374, 377, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001).

(Manufacture and Attempt to Manufacture Methamphetamine While on Pretrial Release) of the superseding indictment.[2] On the same day, Chief Magistrate Judge John A. Jarvey entered a report and recommendation that a United States District Court Judge accept the defendant's plea of guilty. On August 14, 2002, the court entered an order adopting the report and recommendation pertaining to the defendant's guilty plea. On December 16, 2002, the court sentenced the defendant to 262 months imprisonment (238 month term on count two, 24 month term imposed pursuant to 18 U.S.C. § 3147, and terms to run concurrently) and 5 years supervised release. The court dismissed count one. On December 17, 2002, judgment entered against the defendant. On December 23, 2002, the defendant filed an appeal. On July 2, 2003, the Eighth Circuit Court of Appeals affirmed the defendant's conviction and resulting sentence. *See United States v. Felderman*, 67 Fed. Appx. 988 (8th Cir. 2003).

On August 23, 2004, the defendant filed the instant motion. In the 28 U.S.C. § 2255 motion, the defendant challenges his conviction and resulting sentence on two grounds. Specifically, the defendant asserts: 1) his counsel did not provide effective assistance because he failed at plea bargaining and at conducting an independent investigation; and 2) his sentence violates his Sixth Amendment jury trial rights. To support his latter assertion, the defendant relies on *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). On February 8, 2005, the defendant filed a supplement based on the Supreme Court's decision in *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

---

[2] The conduct charged in count two of the superceding indictment is in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A)(viii), 21 U.S.C. § 846 and 18 U.S.C. § 3147(1).

The court now turns to consider the defendant's motion pursuant to 28 U.S.C. § 2255.

## II. ANALYSIS

### A. Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to move the sentencing court to vacate, set aside or correct a sentence. To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) his sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255).

Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Rather, 28 U.S.C. § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428. *See also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.") (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987)). A collateral challenge under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) (making clear a motion pursuant to 28 U.S.C. § 2255 will not be allowed to

3

do service for an appeal). Consequently, "[a]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (internal quotation marks and citation omitted).

In addition, defendants ordinarily are precluded from asserting claims they failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise the claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)). *See also Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) ("The general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [defendant] shows cause and prejudice."). "'[C]ause' under the cause and prejudice test must be something *external* to the [defendant], something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (emphasis in original). If a defendant fails to show cause, a court need not consider whether actual prejudice exists. *McCleskey v. Zant*, 499 U.S. 467, 501, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991). Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24. *See also McNeal*, 249 F.3d at 749 ("[A] defendant must show factual innocence, not simply legal insufficiency of evidence to support a conviction.").[3]

---

[3] The procedural default rule applies to a conviction obtained through trial or through the entry of a guilty plea. *See United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1997); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

## B. The Defendant's Claims

The defendant's reliance on *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) to challenge his conviction and resulting sentence is unavailing. On January 12, 2005, the Supreme Court addressed the impact of *Blakely* on the United States Sentencing Guidelines. *See United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). In *Booker*, the Supreme Court concluded the Sixth Amendment is violated by the imposition of an enhanced sentence under the United States Sentencing Guidelines based on the sentencing judge's determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant. *Booker*, ___ U.S. at ___, 125 S. Ct. at 756, 160 L. Ed. 2d at 650 (applying its decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Blakely v. Washington*, 542 U.S. ___, to the Federal Sentencing Guidelines). In addition, the Supreme Court, with respect to the appropriate remedy, instructed courts to apply *Booker* or its "holdings–both the Sixth Amendment holding and [the] remedial interpretation of the Sentencing Act–to all cases on direct review." *Booker*, ___ U.S. at ___, 125 S. Ct. at 769, 160 L. Ed. 2d at 665 (citing *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S. Ct. 708, 93 L. Ed. 2d 649 (1987)). Given such instruction, the court finds the Supreme Court does not intend for its holdings in *Booker* to apply retroactively to cases on collateral review. *See Teague v. Lane*, 489 U.S. 288, 307, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989) (prohibiting the application of new rules of criminal procedure on collateral review, except where the new rule places certain kinds of conduct beyond the power of the government to proscribe or requires the observance of procedures that are "implicit in the

5

concept of ordered liberty").[4]  Consequently, the defendant's claim which relies on *Blakely* and *Booker* fails.  Accordingly, it shall be dismissed.

With respect to the defendant's remaining claim, the United States Attorney and the defendant shall respond in the following manner:

> 1. The United States Attorney for the Northern District of Iowa shall move or plead to the defendant's remaining claim by June 13, 2005.
>
> 2. The defendant shall reply to the government's response, if he so chooses, by July 5, 2005.

**IT IS THEREFORE ORDERED**:

1) The defendant's claim which relies on *Blakely* and *Booker* is dismissed.

2) The United States Attorney and the defendant are directed to respond in the following manner:

---

[4] The court notes the Eighth Circuit Court of Appeals has not addressed whether *Booker* applies retroactively on collateral review.  Nonetheless, a review of applicable case law indicates the consensus of circuit courts is that *Booker* does not apply retroactively on collateral review.  *See, e.g., Cirilo-Munoz v. United States,* No. 02-1846, 2005 U.S. App. LEXIS 6343 (1st Cir. Apr. 15, 2005); *Guzman v. United States*, 404 F.3d 139, No. 03-2446, 2005 U.S. App. LEXIS 5700 (2d Cir. Apr. 8, 2005); *Varela v. United States*, 400 F.3d 864, 866-68 (11th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir. 2005).  *Cf. In re Elwood*, No. 05-30269, 2005 U.S. App. LEXIS 7343 (5th Cir. 2005) (denying permission to file a second or successive motion under 28 U.S.C. § 2255); *In re Olopade*, No. 05-1617, 2005 U.S. App. LEXIS 5886, at *1 (3d Cir. Apr. 11, 2005) (same); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005) (same); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005) (same); *In re Anderson*, 396 F.3d 1336, 1340 (11th Cir. 2005) (same).

1. The United States Attorney for the Northern District of Iowa shall move or plead to the defendant's remaining claim by June 13, 2005.

2. The defendant shall reply to the government's response, if he so chooses, by July 5, 2005.

**DATED** this 10th day of May, 2005.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

**Filed By:**
**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF IOWA**

5/10/05-de

Copies mailed/faxed to counsel of record, pro se parties and others listed here:

copy to deft